ANSON NORTHRUP *vs.* JOHN H. STEVENS and others.

July 3, 1888.

**Specific Performance—Parol Agreement—Uncertainty of Proof—Unexcused Delay.**—The refusal of a judgment for a specific performance of an alleged verbal agreement to convey land sustained, upon the grounds of the uncertainty of the proof of the agreement, and because of the plaintiff's laches, no relief having been sought until after the lapse of 32 years from the time of the alleged agreement, nor until 6 years after the death of a party in interest whose land was the subject of the agreement. The plaintiff was not exonerated from laches by the fact that, during 19 years of the intervening period, the party to be charged had kept his property out of his hands to avoid the claims of creditors, nor by frequent promises on his part to make the conveyance.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial, the action having been dismissed at the close of plaintiff's case.

*F. B. Wright* and *Flandrau, Squires & Cutcheon,* for appellant.

*M. B. Koon, Kitchel, Cohen & Shaw,* and *Jackson, Atwater & Hill,* for respondents.

DICKINSON, J. This is an action to compel a specific performance, by the defendants, other than Stevens, of an alleged agreement for the conveyance to the plaintiff of a part of the west half of block 38 according to the original plat of the town-site of Minneapolis. From the case it appears that in April, 1855, the plaintiff, who had pre-empted government lot 10, comprising a part of the territory within the present city of Minneapolis, entered into a verbal agreement with several persons, including the defendant Stevens and one Steele, to the effect that the plaintiff should convey the land pre-empted by him to Isaac Atwater, for the benefit of those persons, and that as consideration therefor several of the parties to the agreement were to convey, respectively, to the plaintiff, certain other property. This action is founded upon the alleged agreement, as a part of this transaction, by Stevens, with the knowledge and privity of Steele, to convey to the plaintiff the land in question, the west half of the block,

then known as the "Crowell Block," but now designated as "Block 38." At that time Steele appears to have had some interest in that property, and shortly afterwards Stevens conveyed it, with other lands, to Steele. The title of these defendants, against whom judgment is prayed, was derived by inheritance from Steele, who died in 1880. The plaintiff did convey the pre-empted land to Atwater, and several of the other parties to the agreement conveyed other property to the plaintiff. The making of the agreement upon which this action is founded is in issue. After hearing the evidence on the part of the plaintiff, the court dismissed the action.

As the reasons for this determination of the court below are not disclosed, we have only to consider whether its action is sustainable for any reason. We are of the opinion that it was justified, for the reason that the agreement, as respects the designation of the property which was to be conveyed to the plaintiff, was not shown with clearness and certainty so that the duty of the court to decree specific performance is apparent, and for the further reason of the plaintiff's laches. As to the first of these grounds, it need only be said that the testimony of different witnesses, apparently worthy to be considered, designated different land as the subject of the alleged agreement. This action was not commenced until the year 1887, more than 32 years after the cause of action here relied upon arose. This is a sufficient reason for refusing relief upon so stale a claim, unless facts are shown which justify the plaintiff's delay in seeking relief. He relies for his justification upon the facts that, repeatedly during this period, Steele, in conversations with the plaintiff, recognized his obligation to convey this land, and promised to do so; that, as is alleged, in the latter half of the year 1857, and subsequently, Steele, being in embarrassed circumstances, conveyed his property, including this land, to certain persons, to protect it from the claims of his creditors, and that the title was not restored to him until the year 1876. No ignorance on the part of the plaintiff of any fact which might have affected his conduct is shown. These circumstances are insufficient to reasonably excuse the inaction of the plaintiff. Two years elapsed before Steele transferred his property. If the plaintiff knew the facts,—and nothing to the contrary is shown,—there

seems to have been no reason why he might not have secured relief, notwithstanding Steele's alleged fraudulent transfer. After Steele's property was restored to him, although more than 20 years had then elapsed since this asserted cause of action arose, yet the plaintiff took no proceedings to enforce his demand during the remaining four years of Steele's life, nor, indeed, until more than six years after his death. The plaintiff knew that portions of the property were being disposed of from time to time, (although he asserts no claim against such purchasers.) The demand was founded upon a merely oral agreement, the proof of which depended wholly upon the memory and testimony of living witnesses. It seems to us that the plaintiff is wholly unexcused by anything shown, or offered to be shown, in this case, for neglecting to seek any relief upon the alleged agreement for so many years, and until long after the death of the party to whose property it related, and who had been personally cognizant of and a participant in the transaction now brought in question. The case justified the trial court in dismissing it.

It is unnecessary to consider the questions raised as to the enforceability of the agreement under the statute of frauds. In the view which we take of the case, the rejection of certain proof offered by plaintiff cannot have affected the case. We have considered the case as if what was offered to be shown had been proved.

Order affirmed.